The next case is number 221681, United States v. Julian G. Rivera-Berrios. At this time, Attorney Rodriguez would introduce himself on the record to begin. Mr. Chief Judge, and may it please the Court, José David Rodríguez, on behalf of Appellant Julián G. Rivera-Berrios. Do you mind just raising the microphone? Thank you. Yes. Your Honors, lying to a federal judge is serious misconduct. That is what the district court below assumed without any evidence that Mr. Rivera was doing at his revocation hearing when he submitted a letter confirming new employment. Counsel, you say that in your brief, but I read just this morning for a second time Judge Delgado Colon's statements at the conclusion of the hearing. All right? She didn't say that there was a lie. She said it was bad evidence. She said in two sentences that the employment information was submitted at the last minute, that there was not time for a proper verification of it, and therefore it was bad evidence and she wasn't going to give it any weight. That's all she said. Excuse me. And then she went on for several minutes describing a series of actions by your client, 145 separate violations, four failed positive drug tests, a failure to obtain employment at any earlier date, and so on. And so forth, a failure to cooperate with the process. And then she imposed the high-end guideline sentence. There's no indication in that entire formulation that she considered that evidence either a lie or that that evidence played any material role in her sentencing determination. Your Honor, the judge below, when she said, and this is what I find, this is bad evidence, the court says three things. Because it's late, and I will address that. That was an error because Rule 32.1 specifically authorizes the appellant to submit any evidence in mitigation at the hearing. Two, because it's highly convenient. The court's saying it's highly convenient, Your Honor. It was highly convenient. It was submitted at the last minute so that it couldn't be properly verified. No, Your Honor. No, it wasn't submitted at the last minute? It was submitted on the day of the hearing. Yes. All right. Was there the 10-day notice given to the probation department so that they could go out and do their normal verification? Your Honor, the judge below Excuse me. Would you answer my question, please? Was the 10-day notice given to the probation department? There is no information in the record that that happened, Your Honor. And if it didn't, this was a recent employment that Mr. Rivera had obtained. The probation officer called during the hearing the employer and verified that this man existed. No, according to what Judge Delgado said, the probation officer called the number and spoke to a person that the probation officer didn't know and had never met and got a confirmation. The judge mentioned that rather pointedly. That's a different thing from saying he called the employer. If you want to say called the alleged employer, it's different. There was no evidence submitted that the employer was a liar and was an alleged employer. No, the judge didn't say that. The judge just said that she found the evidence submitted unconvincing. She said highly convenient. Yes. Some of this is sort of what's the frame through which we're looking at what the district court was saying. You're not contesting that independent of the dispute about the veracity of the claim of employment, there was a basis for revocation, correct? Yes, Your Honor. Okay. So one way to read the record that it would be good if you could just respond to is the judge says there's a ground for revocation. There's a lot of serious violations. Therefore, here's the revocation sentence that I'm going to impose. To the extent you're trying to make a mitigating argument based on employment, I don't see enough to treat that as reliable, so it doesn't mitigate. You want us to read it as the basis for the sentence was because of the lie, and had she not thought there was a lie, she wouldn't have given a sentence as high as she did, correct? That's correct, Your Honor. But what in the record supports your version of what happened rather than the version I'm positing, which is the district court thought there was a basis for revocation and a basis for a pretty serious sentence given the number of violations. And the question she was asking is, is the fact that there's an employment situation going on here a reason to mitigate the sentence I'd otherwise impose? And then she says, no, it's too late, too unverified, too doubtful, which is different than, well, I wouldn't have gone this harsh, but now that you're lying to me, I'm going to impose this sentence. Your Honor, these violations, technical violations, were most of them remote from the previous year, and the probation officer never reported them until the court instructed the probation officer to do so. That is telling that the probation officer who has day-to-day contact with Mr. Rivera did not see the situation as unmanageable. And then the court, at the hearing when Mr. Rivera submits, and Mr. Rivera's attorney was not present. Mr. Rivera's attorney was out sick, and a substitute attorney had to step in at the last minute. So that also may show why the letter was not submitted earlier. But in any event, it was confirmed during the hearing by the probation officer. And what the court thought, how the court approached the employment letter was, this is the latest attempt by Mr. Rivera to avoid responsibility. That's what the court said in almost so many words. She said, I am refusing this letter because it's highly convenient, and it's part of a pattern of justifications to evade responsibility. And then she went on to explain her sentence in terms that were in line, directly flowing from her findings about the letter. She said that Mr. Rivera was manipulating the proceedings, attempting to keep on avoiding responsibilities, abusing the system. That rationale for sentencing is completely in line with the court's assumption that the letter was Mr. Rivera's latest trick despite no concrete evidence to support that. Also important that the role of the government... But assuming everything you said is true, why is it erroneous that the court couldn't draw that as a reasonable inference? Because there was no evidence, Your Honor. For a reasonable inference, you need a degree of concrete evidence to base your inference on. And here there was none. The employment had been verified. Just so I'm following is the idea that there's a distinction between the inference you would have to draw to think it's not reliable enough to help you, from the inference that you'd have to draw to say it's intentionally untrue enough to hurt you. In other words, you're not saying that the evidence was strong enough to show the judge had to believe it to be true. But if the judge is going to rely on it affirmatively to impose a longer sentence, then they've got to have a basis for finding that it was a deliberate lie and there's not enough in the record to support that. Is that the idea? That is the idea, Your Honor. That is the idea. So everything hinges on whether we read the record as you do, that the judge factored the abuse of lying about employment into the sentence ultimately imposed. Because you say if that's what happened, there's just not record evidence to support that ground for the sentence. That's the idea? That is the idea, Your Honor. The court's sentencing explanation was the same rationale that the court used to dismiss the employment letter based on no evidence. Why wasn't the lack of specificity in the letter enough for the court to draw that inference? No, Your Honor, and this is why. The letter contained the name of the employer and the phone number of the employer, and the employer saying, I am willing to answer any questions the court has. Mr. Rivera is now working for me in my truck driving company. And the probation officer did call and confirm that information. Now, it's also important that the court, even before any details about the employment were explained, the court was ready to dismiss the letter as a sham. Even before anything was read, the court said, oh, that is very convenient that there is a letter. And the government dedicated most of his presentation to, without any evidence, saying, Mr. Rivera is not really working, and this is a desperate attempt to have him in the free community. The court, those words resonated with the court, and the court dismissed the letter as highly convenient and as part of a pattern of justification and jumped out straight to connect that to the court's sentencing, explaining that Mr. Rivera was abusing the system and manipulating the system and trying to keep on avoiding responsibilities. In terms of remedy, Your Honors, we're asking for this court to strike the one-year supervision term, considering that Mr. Rivera has already served the nine-month sentence. This court has the authority to grant that remedy, and that will be the remedy that, at this time, will be. Well, what would be the basis for that rather than remanding? If we thought your argument was correct, why wouldn't we just leave it to the district court to decide, if you were right that the record can be read to say that the district court relied on the supposed abuse of lying about the employment in imposing the sentence imposed, and if we thought that there wasn't a basis in the record for the district court to have made such a determination, why wouldn't the sensible thing to do to vacate it and let the district court determine what to do about that supervision year? Because apart from Mr. Rivera having already served the prison term, the district court below already made its mind about the employment letter. So if this court is to remand, we are requesting that it be before a different judge who has not made its mind. How much time is left on supervision? About nine months, Your Honor, approximately. If Your Honor have no more questions, I will now rest. Thank you. Thank you, counsel. At this time, a counsel for the government will please introduce himself on the record to begin. May it please the court, Thomas Klumper on behalf of the United States. It's our position that the court found it not good evidence. I'm sorry. If you could raise the microphone. Just to all counsel, you don't have to wear the mask. You're absolutely free to if you want it at the podium. But, Your Honor, it's our position that, as Judge Tiller indicated, the court's decision was that it was not good evidence. It determined, based on the fact that, one, it was last minute, two, it was from some unknown person. We don't know who it was that answered the phone. So are you saying the district court did rely on it in posing a sentence that long? No. What it was doing was it found unreliable. What happened was the defendant, you have to look at how the defendant argued it, first of all. The defendant in his argument started as a pattern talking about he had COVID and that's the reason why he wasn't appearing for treatment. In addition, he started a new job. And then, based on that, what happened was the defendant appears with a letter. Now, this letter didn't actually really help him because he claimed he started a new job, but on that week that supposedly he didn't appear for treatment, he didn't go to work that week. He even admitted it. If there was such a job, we do not know. And so, I mean, indirectly, that letter didn't even help him because here he was claiming, oh, I'm working from 9 to 5 or, excuse me, 2 a.m. to 9 or 10. Then I do this other job. So based on that already, right there was a strike against that letter. Government even argued that as part of it. I don't think I asked the question the right way. Okay. I'm not asking whether the letter had to be believed. Right. I'm asking did the district court rely on the conclusion that the letter was an abuse of the system to justify imposing the sentence as long as she imposed it for him? I don't think so. If you look at what the court stated afterwards, it was relying on his failures, the number of failures. And one, it said he revoked. And why did it revoke? Because he didn't appear or he didn't call. That's why there was a revocation. And then what was the justification for the length of the sentence? All those factors again for him failing. Including the abuse of the process? Well, not abuse of the process. What the court was stating was failure to report to the probation officer, being dishonest to the probation officer, not the system. It was to the probation officer, not to the court, but to the probation officer. And that's what it was relying upon. Because here the court, and here even though rather counsel indicates, oh, he let him go even after the fact so it wasn't that relevant. The court even indicated, well, yes, he let it go. But a little bit too, I mean, she stretched it to the maximum. Every time he came in, they reprimanded her. But in her pronouncement of the sentence, after the two sentences in which she dismissed the employment letter as bad evidence or not good evidence, the court never mentioned it again. Correct. In the several pages of the transcript in which she explained why she was pronouncing the sentence. Correct. That is correct, Your Honor. I mean, she was justifying on the other patterns of him not appearing, not going for drug testing at least four times. Excuse me, actually it was more. Failure to appear for treatment. Even though he claimed he had COVID, as we indicated in our footnote five, here he had COVID on the 27th, 10-day period. He didn't appear for the first time. He came for the first one in June. The next one he didn't appear. Then he has COVID 10 days later. And then he doesn't appear on the 15th. He had the week off. He wasn't working. He accidentally admitted that. So based on the government's contention, the court applied its discretion and imposed a high-end nine-month sentence. Any other questions from the panel? No. I rest on the brave. Thank you. Thank you, counsel. That concludes argument in this case.